**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

GUSTRY LESHAM SAILEE,

Plaintiff,

v.

STATE OF MINNESOTA; MINNEAPOLIS POLICE DEPARTMENT; JHON[1] OCHS; and MARK BOHNSAC,

Defendants.

Case No. 26-CV-3429 (MJD/DTS)

**ORDER**

Before the Court is Plaintiff Gustry Lesham Sailee's complaint (Dkt. 1), application to proceed in *forma pauperis* ("IFP") (Dkt. 2), and motion requesting a referral to the Federal Bar Association's Pro Se Project ("Pro Se Project") (Dkt. 3). The IFP application must be considered before any other action may be taken in this matter.

Sailee qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). On review, all fact allegations must be accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir. 2008). The fact allegations need not be detailed, but they must state a plausible claim without being speculative. *Bell Atl.*

[1] Spelling in Complaint.

*Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions that are couched as factual may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Upon review of the record, the Court finds that Sailee's complaint fails to state a claim upon which relief can be granted because his claims are time barred by the applicable statute of limitations.

The complaint alleges that on or about February 2002, Sailee was approached by officers of the Minneapolis Police Department ("MPD") while he sat in the passenger side of a parked car. Sailee alleges an officer said he had a warrant and pulled him out of the car. Sailee alleges "[s]everal squad cars came pulling around the corner with police chief Robert Cheif Olson kicked me in the mouth I was hogtied and MPLS Police officer cut an swatstika on my back like Hitler [illegible] my left pinky was twisted in knot like an pretzel." Compl at 4 (Dkt. 1). Further, Sailee alleges, "[t]he officers also neeled on my neck in attempted murder for 20 mins Frost Bite on my face." *Id.* at 5. Sailee alleges the officers hit his family with shoes and said, "monkeys and n[-----]'s don't have rights." *Id.* at 4. Sailee alleges "false charges were filed" after his encounter with MPD. *Id.* at 5 (capitalization altered). The incident resulted in Sailee's conviction for Fourth Degree Assault and Obstruction of Legal Process. *See State of Minnesota vs. Sailee*, 27-CR-02-019750 (Minn. Dist. Ct.). Sailee seeks one hundred million dollars in damages and for the officers to be held accountable for hate crimes and attempted murder. Compl. at 6.

Sailee maintains that the Court has jurisdiction over this action because the matter presents a federal question. *See* Compl. at 3. Sailee categorizes the actions of the defendants as “hate crimes” and “attempted murder” and alleges that the officers made disparaging comments based on his race, including a statement that he did not have rights because of his race. Given these circumstances, the Court construes his complaint as seeking relief under 42 U.S.C. § 1983 for deprivation of rights.

“Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run.” *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citing previous version of the applicable statute). The statute of limitations applies to pro se plaintiffs, despite a court’s duty to liberally construe their claims. *Anunka v. City of Burnsville,* 534 F. App’x 575, 576 (8th Cir. 2013) (per curiam) (affirming pro se plaintiff’s dismissal as time-barred). In Minnesota, the statute of limitations for assault, battery and false arrest claims under 42 U.S.C. § 1983 is six years. *See* Minn. Stat. § 541.05, subd. 1(9); *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012).[2] Here, the events occurred approximately 24 years prior to Sailee seeking relief with a § 1983 complaint. Whatever the merits of his claims otherwise, Sailee is very plainly seeking relief too late.

[2] Sailee invokes the Matthew Shepard and James Byrd Jr. Hate Crimes Prevention Act, 18 U.S.C. § 249, to argue there is no statute of limitations for hate crimes. However, § 249 is a criminal provision and does not supply a private right of action. Sailee cannot seek relief under that provision.

Accordingly, this action is dismissed pursuant to § 1915(e)(2)(B). Because any amendment of the complaint would be futile—there is nothing that Sailee can now do to make his claims timely—the action is dismissed with prejudice. For the same reason, Sailee's request to be referred for volunteer attorney assistance is also denied; the problem is not that Sailee lacks the necessary expertise to bring his claims, but that it is too late for him to do so.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Gustry Lesham Sailee's complaint, **[Dkt. 1]**, is **DISMISSED with prejudice.**

2. Sailee's IFP application, **[Dkt. 2]**, is **DENIED as moot.**

3. Sailee's Motion for Referral to the Pro Se Project, **[Dkt. 3]**, is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 18, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court